MOORE, Judge,
dissenting.
Although the Montgomery Circuit Court (“the trial court”) did not expressly deny tlie motion to dismiss filed by the Alabama Department of Human Resources, (“DHR”), the trial court, after hearing oral argument on the motion on October 5, 2016, entered an order scheduling another hearing for October 11, 2016, specifying that “[representatives of DHR (including, the case worker) who made decisions concerning-the child that is the subject matter of this case shall appear at said hearing.” The respondent judge has informed this,, court that he scheduled the hearing in order to conduct an inquiry into the manner of the removal of O.F. (“the child”) from the home of Z.G. and C,G. (“the foster parents”),, which,, the respondent judge said, “troubled” him. By effectively ordering DHR to undergo a judicial hearing to determine whether DHR had wrongfully, removed the .child, .the trial court at the very least implicitly denied the motion to .dismiss in. order .to investigate the merits of the foster parents’ petition. Based on the unusual • procedural posture of the case,-, this court should determine that the respondent judge has refused to dismiss the case and should proceed to determine whether the other prerequisites - for the issuance of a writ of mandamus have been established.